IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VULCAN MATERIALS COMPANY and VULCAN LANDS, INC., | § § § | |
| Plaintiffs, | § § | |
| v. | § § § | CIVIL ACTION NO. 3:11-CV-00388-K |
| TOWN OF SUNNYVALE | § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Plaintiffs' Motion for Final Summary Judgment (Doc. No. 18) and Defendant's Motion for Partial Summary Judgment (Doc. No. 23). The Court has considered the Motions of Plaintiffs Vulcan Materials Company and Vulcan Lands, Inc. ("Vulcan") and Defendant Town of Sunnyvale ("the Town"), the respective responses and reply briefs, all evidence submitted, and the applicable law. Vulcan asserts that as a matter of law, the Sunnyvale Zoning Ordinance ("Zoning Ordinance") is preempted by the Interstate Commerce Commission Termination Act ("ICCTA") to the extent that the Zoning Ordinance prohibits the construction and operation of rail tracks. The Town asserts, among other arguments, that the case is not ripe because in the absence of an agreement between Vulcan and Union Pacific, there are insufficient facts to determine whether or not activities prohibited by the Zoning Ordinance constitute transportation by a rail carrier. Because the facts have not developed to the point where

the Court can determine whether or not the prohibited activities constitute transportation by a rail carrier, the court holds that the issue is not ripe. Accordingly, the Court **DENIES** both motions for summary judgment and dismisses the case without prejudice for lack of subject-matter jurisdiction.

I.  **Factual Background**

In November 2008, Vulcan Lands purchased a 113.4 acre tract of land ("the Property") located in Sunnyvale, Texas. The Property is adjacent to existing railroad tracks owned and operated by Union Pacific. Vulcan seeks to construct a rail-to-truck transloading facility on the Property. As part of the operation of the transloading facility, Vulcan is seeking to construct a spur track serving the Property and connecting to the adjacent Union Pacific rail track. No contract or written agreement exists between Vulcan and Union Pacific regarding the design, construction, operation or maintenance of the rail track on the Property. Similarly, no contract or written agreement exists establishing a reasonable request for connection of rail track on the Property to the mainline tracks of Union Pacific.

The Property is governed by the Zoning Ordinance, which is the Town's comprehensive zoning ordinance. On September 13, 2010, the Town denied Vulcan's site plan application based on the inclusion of rail track which the Zoning Ordinance prohibited. Vulcan brought this action for declaratory relief and a permanent injunction, claiming that, as to the rail track, the Zoning Ordinance is preempted by


Section 10501 of the ICCTA.  Due to the threshold determination that the case is not ripe, the Court need not reach the issue of preemption under the ICCTA.

## II.    Analysis

Article III of the United States Constitution limits federal courts' jurisdiction to "cases" and "controversies."  U.S. Const. art. III, § 2.  In order to give meaning to Article III's case-or-controversy requirement, the courts have developed justiciability doctrines, such as the standing and ripeness doctrines.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). [S]tanding and ripeness are essential components of federal subject-matter jurisdiction; the lack of either can be raised at any time by a party or by the court.  *Sommers Drug Stores Co. Emp. Profit Sharing Trust v. Corrigan*, 883 F.2d 345, 348 (5th Cir. 2008).  The ripeness doctrine's "basic rationale is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements . . . ."  *Abbot Labs v. Gardner*, 387 U.S. 136, 148 (1967).  A case is generally not ripe if further factual development is required.  *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 833 F.2d 583, 586 (5th Cir. 1987) (citing *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 581–82 (1985)).

To resolve Vulcan's claim for declaratory relief, the Court must be able to determine whether or not the Zoning Ordinance is preempted by the ICCTA.  The threshold inquiry in determining whether or not preemption applies is determining whether or not the prohibited activity is transportation by a rail carrier.  See 49 U.S.C.

§ 10501(a) (2006); *Franks Investment Co., LLC v. Union Pacific R.R. Co.*, 593 F.3d 404, 408 (5th Cir. 2010); *The City of Alexandria, Virginia, Petition for Declaratory Order*, STB Finance Docket No. 35157, at *2, 2008 WL 4829285 (Nov. 5, 2008). Thus, to come within the preemptive scope of 49 U.S.C. § 10501(b), the activities must be both: (1) transportation; and (2) performed by, or under the auspices of, a rail carrier. *Hi-Tech Trans, LLC, Petition for Declaratory Order*, STB Finance Docket No. 34192, at *2, 2003 WL 21952136 (Aug. 14, 2003), *aff'd Hi-Tech Trans, LLC v. New Jersey*, 382 F.3d 295 (3rd Cir. 2004).

Determining that a prohibited activity is transportation by a rail carrier under section 10501 is a case-by-case, fact-specific determination. *City of Alexandria,* at *2. Both the Surface Transportation Board and courts analyzing the issue have relied on a number of factors to determine whether an activity is transportation by a rail carrier. These factors include, but are not limited to: (1) the Operating Agreement between a non-carrier and a rail carrier, (2) responsibility for track repairs and maintenance, (3) facility upkeep, (4) the degree of control retained by the carrier over the third party, and (5) the other terms of the contract between the carrier and the third party. *Id.*; *Town of Babylon and Pinelawn Cemetary, Petition for Declaratory Order*, STB Finance Docket No. 35057, 2008 WL 275697, at *4, (Jan. 31, 2008).

In this case, the Zoning Ordinance, as enforced against Vulcan, prohibits the construction and operation of rail track as part of its transloading facility on the


Property.  The Zoning Ordinance does not prohibit the activity of transloading itself, as is the factual situation in all the cases cited by Sunnyvale.  *See, e.g., Town of Babylon*, 2008 WL 275697, at *4; *City of Alexandria*, 2009 WL 381800, at *1–2.  The rights and responsibilities of Vulcan and Union Pacific regarding the prohibited track are the critical facts necessary for the resolution of this case on the merits.

Vulcan and Union Pacific have no agreement pertaining to the rail track on the Property or a spur connection with Union Pacific's mainline tracks.  Without a written agreement between Vulcan and Union Pacific, the Court cannot determine the various rights and responsibilities of Vulcan or Union Pacific as it pertains to (1) construction of rail tracks and switches, (2) responsibility for repairs and maintenance, (3) operations on the tracks, or (4) to what extent the tracks will be private or otherwise.  The Court lacks the factual development necessary to resolve whether or not the Zoning Ordinance prohibits transportation by a rail carrier under the ICCTA.

## IV.    Conclusion

For the aforementioned reasons, the Court holds that Vulcan's Request for Declaratory Relief and a Permanent Injunction is not ripe.  Vulcan's case is hereby

**DISMISSED** without prejudice. All other relief not expressly granted herein is hereby **DENIED**.

    **SO ORDERED**.

Signed September 13th, 2012.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE